# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:19-cv-01108-RGK-KK | Date | August 02, 2019 |
|---|---|---|---|
| Title | *JASON HOGAN v. WOLVERINE DISTRIBUTION, INC. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On May 10, 2019, Jason Hogan ("Plaintiff") filed a complaint on behalf of a putative class against Wolverine Distribution, Inc. ("Defendant") alleging statutory claims based on unlawful employment practices.

On June 14, 2019, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1322(d)(2), district courts shall have original jurisdiction over any class action in which any member of the class of plaintiffs is a citizen of a different state from any defendant and the action involves an amount in controversy that exceeds $5,000,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving that the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests, or the court questions the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks damages for lost wages, compensatory damages, statutory and civil penalties, and attorneys' fees. In support of its removal, Defendant calculates that based on the statutory scheme, Plaintiff could recover $56,400. Defendant then states that including other requested damages, the amount in controversy far exceeds $75,000. With respect to a $75,000 jurisdictional minimum, Defendant's calculations beyond the $56,400 are speculative.

More significantly, however, Defendant applies the wrong jurisdictional minimum. Defendant relies on the provisions of CAFA to support removal. Under CAFA, the minimum amount in controversy for a class action is $5,000,000, not $75,000. Accordingly, Defendant has not satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01108-RGK-KK | Date | August 02, 2019 |
|---|---|---|---|
| Title | *JASON HOGAN v. WOLVERINE DISTRIBUTION, INC. et al* | | |

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer